1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANK STEPHENSON,

11          Petitioner,                    No. CIV S-08-1730 MCE DAD P

12      vs.

13   M. MARTELL,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a former state prisoner proceeding pro se with a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2007 decision by the

18   Board of Parole Hearings denying him parole.  Before the court is respondent's motion to dismiss

19   the petition (Doc. No. 12) as moot in light of the fact that petitioner has since been granted

20   parole.

21          Petitioner was convicted in 1976 of first degree murder with use of a firearm.  He

22   was sentenced to life imprisonment with the possibility of parole.  (Answer at 1.)  In his habeas

23   petition before this court, petitioner contends that the Board's 2007 decision violated his due

24   process rights because there was no evidence before the Board of his then-current dangerousness

25   to the public.  Petitioner argues that continuing to deny him parole based on immutable factors,

26   such as his commitment offense and prior criminal history, violates the Due Process Clause.

1

1    Respondent filed an answer to the petition on November 21, 2008.  Petitioner

2 filed his traverse on December 4, 2008.  On January 30, 2009, respondent filed the pending

3 motion to dismiss after the Governor declined to review the Board's decision to grant petitioner

4 parole and petitioner was released from prison on January 29, 2009.  Following his release from

5 confinement, petitioner remains on parole supervision for three years until January 29, 2012.

6 I. Parties' Arguments

7    Respondent moves to dismiss solely on the basis that petitioner has now been

8 granted his release on parole.  Respondent has provided the court a copy of a letter dated January

9 23, 2009, from the Office of the Governor, indicating that the Governor has declined to review

10 the Board's decision to grant petitioner parole.

11    Petitioner eventually filed his opposition to the pending motion on July 15, 2009,

12 after being granted two extensions of time to do so.  Therein, petitioner argues that his petition

13 has not been rendered moot because he remains in the "constructive custody of the Department

14 of Corrections which still dictates where he lives, works, travels" and the persons petitioner may

15 not associate with while on supervised release.  (Opp'n at 4-5.)

16    Petitioner also asserts that he was sentenced under the Indeterminate Sentencing

17 Law which was repealed effective July 1, 1977.  According to petitioner, under the Board's rules

18 in effect prior to July 1, 1977, the base term for a first degree murder conviction was 15-19 years.

19 Although petitioner does not contest his base term or net term after applying time credits, he

20 argues that the disparity between his base term (19 years) and the actual time he was required to

21 serve in prison (32 years), entitles him to discharge from parole supervision at this time.  (Opp'n

22 at 5.)

23    Finally, petitioner points out that while the statutory provisions now governing

24 parole mandate a life term of parole for those convicted of murder, in 1976 when he was

25 sentenced he was subject to a determinate parole term of three years or less.  (Id.)

26 /////

1  II.  Analysis

2          "Article III, Section 2 of the United States Constitution establishes the scope of

3  federal court jurisdiction, which includes 'all Cases . . . arising under this Constitution . . . [and]

4  Controversies to which the United States shall be a Party . . . ."  Burnett v. Lampert, 432 F.3d

5  996, 999 (9th Cir. 2005).  Mootness is jurisdictional.  Id.; Foster v. Carson, 347 F.3d 742, 745

6  (9th Cir. 2003) ([F]ederal courts "have no jurisdiction to hear a case that is moot, that is, where

7  no actual or live controversy exists.").  To avoid dismissal on mootness grounds, the court must

8  determine that the habeas petitioner continues to have a "personal stake in the outcome of the

9  lawsuit."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.), cert. denied, 534 U.S. 878

10 (2001).  In this regard, "throughout the litigation, the plaintiff must have suffered, or be

11 threatened with, an actual injury traceable to the defendant and likely to be redressed by a

12 favorable decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation marks and

13 citations omitted).  However, the "party moving for dismissal on mootness grounds bears a heavy

14 burden."  Hunt v. Imperial Merchant Services, Inc., 560 F.3d 1137, 1141 (9th Cir. 2009) (quoting

15 Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004)).

16         A habeas petition is moot where a petitioner's claim for relief cannot be redressed

17 by a favorable decision of the court issuing a writ of habeas corpus.  Spencer, 523 U.S. at 7;

18 Burnett, 432 F.3d at 1000-01.  The question of when a collateral attack on a parole denial is

19 rendered moot by a subsequent grant of parole is one that has recently been addressed by several

20 district courts in California.[1]  In those cases where the petitioner has been relieved of any and all

21

22         [1]  Under California law, "an inmate-turned-parolee remains in the legal custody of the
   California Department of Corrections  through the remainder of his term, and must comply with
23 all of the terms and conditions of parole, including mandatory drug tests, restrictions on
   association with felons or gang members, and mandatory meetings with parole officers."
24 Samson v. California, 547 U.S. 843, 851 (2006)  The restrictions imposed on a parolee constitute
   a concrete injury for purposes of a mootness analysis.  See, e.g., Spencer, 523 U.S. at 7-8
25 (restrictions imposed by the terms of the parole constitute a concrete injury); Jones v.
   Cunningham, 371 U.S. 236, 243 (1963) (same).  Therefore, release on parole does not moot a
26 habeas challenge to a prior parole denial in all instances.

1  parole outright, the habeas petition has been found moot.  See Hamilton v. Schwartz, No. CV 08-

2  04551-JVS (VBK),  2009 WL 2380093, *2-3 (C. D. Cal. July 30, 2009).  Likewise, it has been

3  suggested that if a petitioner is subsequently released on parole for a term of life, there may be no

4  further remedy that the court can fashion even if he prevailed on his challenge to an earlier parole

5  denial.  See Thomas v. Yates, ___F. Supp. 2d ___, No. 1:05-cv-01198-LJO-JMD-HC, 2009 WL

6  1743628, *2  (E.D. Cal. June 17, 2009).  But see Thompson v. Carey, No. CIV S-05-1708 GEB

7  EFB P, 2009 WL 1212202, *4-5 (E.D. Cal. May 5, 2009).

8           However, where a petitioner has subsequently been released to a determinate

9  period of parole supervision, federal courts have concluded that the petitioner, should he prevail,

10  may still obtain an order directing California authorities to credit him with the time served in

11  prison in violation of his constitutional rights towards his determinate period of parole

12  supervision.  See McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) ("McQullion II")

13  (noting that the appropriate remedy was immediate release without parole supervision where

14  petitioner's parole supervision period would have lapsed but for the constitutional violation);

15  Thomas v. Yates, 2009 WL 1743628, at *2-3 (concluding that the habeas petition challenging the

16  denial of parole was not rendered moot despite petitioner's release to a determinate term of

17  parole because the court could afford petitioner a remedy with respect to the length of that parole

18  term); Thompson v. Carey, No. CIV S-05-1708 GEB EFB P, 2009 WL 453053, at *4 (E.D. Cal.

19  Feb. 23, 2009) (concluding that "petitioner is entitled to be placed in a position he would have

20  been in had he been released [on parole] on time.")[2]; Basque v. Schwartz, No. CIV S-07-0258

21  ──────────────────

22      [2] In Thompson v. Carey, after habeas relief was initially granted, respondent filed a
   motion for relief from judgment informing the court that the petitioner was not subject to a five-
23  year parole period but to lifetime parole pursuant to California Penal Code § 3000.1.  Further
   findings and recommendations were then issued, which the assigned district judge adopted,
24  vacating the original judgment, again granting the habeas application, and this time directing that
   respondent discharge petitioner from parole within thirty days unless the Board of Parole
25  Hearings determined that there was good cause to retain petitioner on parole since petitioner was
   entitled to such a determination even under the lifetime parole provision of California Penal
26  Code § 3000.1 now in effect.  Thompson v. Carey, No. CIV S-05-1708 GEB EFB P, 2009 WL
   1212202, *4-5 (E.D. Cal. May 5, 2009).

1  GEB KJM P, 2009 WL 187920, at *2-3 (E.D. Cal. Jan. 20, 2009) (denying motion to dismiss

2  petition as moot where, if he prevailed, petitioner could obtain a reduction of the mandatory

3  parole term by the amount of excess time spent in prison); Carlin v. Wong, No. C 06-4145 SI,

4  2008 WL 3183163 (N.D. Cal. Aug. 4, 2008) ("Here, petitioner is entitled to credit against his

5  parole period for his time in confinement that was in violation of his due process rights.").  In

6  such instances, courts have uniformly found that a petition for writ of habeas corpus challenging

7  an earlier parole denial on constitutional grounds has not been rendered moot.  Id.

8          Such is the case here.  As noted above, petitioner contends that when he was

9  sentenced in 1976, he was subject to a determinate term of parole on release.  California Penal

10  Code § 3000.1, which imposes a lifetime parole term for "any inmate sentenced . . . for any

11  offense of first or second degree murder with a maximum term of life imprisonment," does not

12  apply here since petitioner's crime was committed prior to January 1, 1983.  See Thomas v.

13  Yates, 2009 WL 1743628, at *2 (citing In re Chaudhary, 172 Cal. App. 4th 32, 34 (2009)).

14  Petitioner contends that should he prevail on the pending petition he would be entitled to

15  discharge from parole supervision because of the additional years he served in confinement in

16  violation of his constitutional rights.  Specifically, if this court were to determine that petitioner's

17  due process rights were violated when he was denied parole in 2007, his mandated 3-year period

18  of parole would have begun to run in 2007 and would expire in 2010.  Under these circumstances

19  respondent has not met his heavy burden of establishing that dismissal is appropriate on

20  mootness grounds.  See Hunt, 560 F.3d at 1141; Demery, 378 F.3d at 1025.

21          Accordingly, respondent's motion to dismiss the petition as moot should be

22  denied.

23                                CONCLUSION

24          In accordance with the above, IT IS HEREBY RECOMMENDED that

25  respondent's January 30, 2009 motion to dismiss the petition as moot (Doc. No. 12) be denied.

26  /////

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

3 days after being served with these findings and recommendations, either party may file and serve

4 written objections.  Such a document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Any reply to the objections shall be served and filed within

6 five days after service of the objections.  The parties are advised that failure to file objections

7 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

8 Ylst, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: August 31, 2009.

10

11    _____

DALE A. DROZD

12 DAD:4                                          UNITED STATES MAGISTRATE JUDGE

step1730.mtd

13

14

15

16

17

18

19

20

21

22

23

24

25

26